IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO COVER NOTE B0507CG1800155,<br><br>Plaintiff,<br><br>-vs-<br><br>NEW PRIME, INC., d/b/a PRIME INC. and COVENANT TRANSPORT, INC.,<br><br>Defendants. | Case No. CIV-20-810-F |

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has subject-matter jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Doc. no. 1, ¶ 1. Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. §§ 1332(a)(1) and (a)(2). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that "Plaintiff Underwriters were and are a group of insurers organized under the laws of and with their principal place of business in the United Kingdom and who insured Bloom Energy Corporation." Doc. no. 1, ¶ 2. The majority of courts addressing the issue have decided that when a complaint has

been brought on behalf of or against certain underwriters at Lloyd's of London, the citizenship of all the underwriters constituting the syndicate is determinative for purposes of diversity jurisdiction.  *See*, CNX Gas Co., L.L.C. v. Lloyd's of London, 410 F.Supp.3d 746, 754-755 (W.D. Penn. 2019); Certain Underwriters at Lloyd's, London, Subscribing to Policy No. AMT008174 v. VMA Construction, LLC, Civil Action No. 17-5626 (ES) (SCM), 2018 WL 314815, * 2-3 (D.N.J. Jan. 5, 2018). While the complaint identifies the underwriters, doc. no. 1, ¶ 2, it fails to identify the form of business entity for each of these underwriters.  If an underwriter is a corporation, then the averments called for by § 1332(c)(1) are sufficient.  *See*, Danjaq. S.A. v. Pathe Commc'ns Corp. 979 F.2d 772, 774 (9th Cir. 1992); *see also*, JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastrure Ltd., 536 U.S. 88, 98 n. 3 (2002) (acknowledging without deciding that "those Circuits that have reached the issue are in agreement that § 1332(c) extends to alien corporations").  However, if an underwriter is another form of business entity, then the averments appropriate for that form of business entity must be provided.  *See*, 15 James WM Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2020).[1]

      Accordingly, the court **DIRECTS** plaintiff, Certain Underwriters at Lloyd's Subscribing to Cover Note B0507CG1800155, the party invoking diversity jurisdiction, to file an amended complaint which provides the identification of the form of business entity for each of the underwriters and the jurisdictional

---

[1] After the filing of the complaint, plaintiff filed a Corporate Disclosure Statement.  Doc. no. 5.  However, this statement does not clarify the form of business entity for each underwriter and that the averments of § 1332(c)(1) are sufficient for each underwriter.

(cont'd. on next page)

information required for that business entity.[2,3]  Said amended complaint shall be filed no later than 21 days from the date of this order.  Failure to comply may result in the dismissal of this action without prejudice.

IT IS SO ORDERED this 18th day of August, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0810p001.docx

---

[2] If any underwriter is a limited partnership, limited liability company or other business entity whose citizenship is determined by the citizenship of its members, plaintiff must provide the jurisdictional information pertaining to each of the underwriter's members.  Plaintiff must trace the citizenship of an underwriter through "however many layers []there may be." *See*, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011).

[3] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.